FILED
U.S. District Court
District of Kansas

APR 21 2016

Clerk, U.S. District Court
By _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

Plaintiff,

v.

Case No. 15-10105-01-JTM

ROBERT PITYA DICKSON,

Defendant.

## PLEA AGREEMENT PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 11(c)(1)(C)

The United States of America, by and through Assistant United States Attorney, Jason W. Hart, and Robert Pitya Dickson, the defendant, personally and by and through his counsel, Scott Toth, hereby enter into the following Plea Agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure:

1. **Defendant's Guilty Plea.** The defendant agrees to plead guilty to Counts 4 and 8 of the Indictment, charging violations of 18 U.S.C. § 2251(a), that is, Production of Child Pornography. By entering into this Plea Agreement, the defendant admits to knowingly committing these offenses, and to being guilty of these offenses.

2. **Penalties – Maximum/Minimum Terms.** The defendant understands that the maximum sentence which may be imposed as to Count 4 of the Indictment is up to thirty (30) but not less than fifteen (15) years of imprisonment, up to $250,000 in fines, up to life but not less than five (5) years of supervised release, and a $100 mandatory special assessment. The defendant understands that the penalties for Count 8 of the Indictment are the same as Count 4,

1

and that the term of imprisonment could be made to run consecutive for a total maximum term of sixty (60) years.

3. **Factual Basis for the Guilty Plea.** The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

> In October of 2013, via social media, the defendant Robert Pitya Dickson began a relationship with the co-defendant Tricia Rodarmel. During communications with the co-defendant, Robert Dickson expressed his interest in engaging in sex acts with minors. Rodarmel assisted Dickson by putting Dickson into contact with a 13 year old minor (known to Rodarmel) in Kansas. With Rodarmel's knowledge, Dickson began communicating with the 13 year old minor, and these communications were sexual in nature.
>
> On or about March 11, 2014, via social media, the defendant Robert Pitya Dickson persuaded, induced, and enticed the 13 year old minor in Kansas to produce and transmit an image depicting her naked genitals.
>
> On or about March 16, 2014, the defendant Robert Pitya Dickson traveled to meet co-defendant Tricia Rodarmel and the 13 year old minor. Dickson then engaged in various sex acts with the 13 year old minor, which he recorded and later transported back to South Carolina.
>
> Law enforcement subsequently found these depictions in searches of the defendant's social media account and certain devices found in his home.

4. **Proposed (c)(1)(C) Sentence.** The parties propose, as an appropriate disposition of the case:

    (a)     300 months (25 years) for Count 4;
    (b)     300 months (25 years) for Count 8, concurrent with Count 4;
    (c)     lifetime supervised release; and
    (d)     a mandatory special assessment of $100 per count, for a total of $200.

The parties seek this binding Plea Agreement as an appropriate disposition of the case, because if the Court permits itself to be bound by the proposed sentence, it brings certainty to the sentencing process; it assures that the defendant and the government will benefit from the bargain they have struck; it serves the interests of justice; and it assures a sentence consistent with the sentencing factors of 18 U.S.C. § 3553(a). If the Court does not agree with the

sentence, the parties may be restored to the positions they maintained prior to reaching this Plea Agreement. This Plea Agreement centers on the defendant's agreement to enter his guilty plea as soon as the Court's schedule permits, thereby preserving valuable Court, prosecution, defense, United States Probation Office, United States Marshals' Service and other law enforcement resources.

5. **Application of the Sentencing Guidelines.** Because this proposed sentence is sought pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties are not requesting imposition of an advisory guideline sentence.

6. **Additional Government Agreements.** In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas agrees to dismiss the remaining counts of the Indictment as to the defendant, and not file any additional charges against the defendant arising out of the facts forming the basis for the present Indictment.

7. **Consequences for Violating Plea Agreement.** The United States' obligations under this Plea Agreement are contingent upon the defendant's continuing acceptance of responsibility. If the defendant denies or gives conflicting statements as to his involvement, falsely denies or frivolously contests relevant conduct the Court determines to be true, willfully obstructs or impedes the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempts to do so), or has engaged in additional criminal conduct, the United States reserves the right to petition the Court for a hearing to determine if he has breached this Plea Agreement.

If the Court finds by a preponderance of the evidence that the defendant (1) has breached or violated this Plea Agreement; (2) has willfully obstructed or impeded the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempted to do so); (3) has engaged in additional criminal conduct; or (4) has otherwise failed to adhere to this Plea Agreement's terms, this Plea Agreement will be deemed null and void, and the United States may pursue any

additional charges arising from the criminal activity under investigation, as well as any charges for any perjury, false statement, or obstruction of justice that may have occurred.

If the Court finds the defendant has violated this Plea Agreement, he understands and agrees that all statements he made, any testimony he gave before a grand jury or any tribunal, or any leads from such statements or testimony, shall be admissible against him in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 401, or any other federal rule that pertains to the admissibility of any statements he made subsequent to this Plea Agreement.

8. **Whether to Accept the Proposed Plea Agreement and Sentence is Up to the Court.** The Court has no obligation to accept the proposed Plea Agreement and sentence. It is solely within the Court's discretion whether to accept the proposed binding Plea Agreement as an appropriate disposition of the case.

9. **Withdrawal of Plea Permitted Only if the Court Does Not Accept the Plea Agreement and Proposed Sentence.** On the other hand, if the Court agrees to be bound by the proposed Plea Agreement and accepts the defendant's guilty plea, the defendant will not be permitted to withdraw his guilty plea. Only if the Court rejects the proposed Plea Agreement will the defendant be permitted to withdraw his guilty plea.

10. **Abandonment of Property:** The defendant agrees to abandon all ownership rights and interest in the following property, including any data located therein: Toshiba 1TB 2.5" USB 3 external harddrive, SN: 52F1T2H7TTS8; and Toshiba 640GB 2.5" SATA external harddrive, SN: 21GUD2GRB1P7. The defendant waives any further right, notice, challenge, or proceeding regarding the abandonment or disposition of the property. Additionally, the

defendant agrees to the immediate entry of an Order of Destruction for these items, and agrees to sign any and all documents necessary to effectuate that order prior to the imposition of sentence.

11. **Payment of Special Assessment.** The defendant understands that a mandatory special assessment of $100 per count of conviction will be entered against him at the time of sentencing. The defendant has the burden of establishing an inability to pay the required special assessment. The parties acknowledge that if the Court finds the defendant is without resources to pay the special assessment at the time of sentencing, the Court may allow payment during his period of incarceration.

12. **Sex Offender Registration.** The defendant has been advised and understands that, under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes the name, residence address and the names and addresses of any places at which the defendant is or will be an employee or student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment or student status. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, Title 18, United States Code, § 2250, which is punishable by a fine or imprisonment, or both.

13. **Waiver of Appeal and Collateral Attack.** The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, his conviction, or the components of the sentence to be imposed herein, including the length and conditions of supervised release, as well as any sentence imposed upon a

revocation of supervised release. The defendant is aware that 18 U.S.C. § 3742 affords him the right to appeal the conviction and sentence imposed, but by entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed in accordance with the sentence recommended by the parties under Rule 11(c)(1)(C). The defendant also waives any right to challenge his sentence, or the manner in which it was determined, or otherwise attempt to modify or change his sentence, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)), or a motion brought under Federal Rule of Civil Procedure 60(b). However, if the United States exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received, as authorized by 18 U.S.C. § 3742(a). Notwithstanding the foregoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

14. **FOIA and Privacy Act Waiver.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552. The defendant further waives any rights conferred under the Privacy Act of 1974, 5 U.S.C. § 552a, to prevent or object to the disclosure of records or materials pertaining to this case.

15. **Full Disclosure by United States.** The defendant understands the United States will provide to the Court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning his background, character, and conduct, including the entirety of his criminal activities. The

defendant understands these disclosures are not limited to the count to which he is pleading guilty. The United States may respond to comments he or his attorney makes, or to positions he or his attorney takes, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this Plea Agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the Court and the United States Probation Office.

16. **Parties to the Agreement.** The defendant understands this Plea Agreement binds only him and the United States Attorney's for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

17. **No Other Agreements.** The defendant has had sufficient time to discuss this case, the evidence, and this Plea Agreement with his attorney and he is fully satisfied with the advice and representation his attorney provided. Further, the defendant acknowledges that he has read the Plea Agreement, understands it, and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this Plea Agreement supersedes any and all other agreements or negotiations between the parties, and that this Plea Agreement embodies each and every term of the agreement between the parties.

18. The defendant acknowledges that he is entering into this Plea Agreement and is

[CONTINUED ON NEXT PAGE FOR SIGNATURES]

pleading guilty because he is guilty. He further acknowledges that he is entering his guilty plea freely, voluntarily, and knowingly.

_____   Date: 4/21/16
Jason W. Hart
Assistant United States Attorney

_____   Date: 4/21/16
Debra Barnett
Criminal Chief/Supervisor

_____   Date: 4/21/16
Robert Pitya Dickson
Defendant

_____   Date: 4-21-16
Scott Toth
Counsel for Defendant